AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means          ☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>an Apple iPhone 15 256 GB, with IMEI:<br>353864163884572, assigned phone number (505)<br>526-3366 used by Honorio ALBA | )<br>)<br>)<br>)  Case No.    24-MR-83<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:        Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ New Mexico _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, which is incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____ January 30, 2024 _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ the Honorable Karen B. Molzen _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    01/16/2024 3:10 pm          *Karen B Molzen*
                                                                          *Judge's signature*

City and state:    Albuquerque, New Mexico          Karen B. Molzen, United States Magistrate Judge
                                                                          *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

## Certification

   I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                  _____
                     *Executing officer's signature*

                  _____
                     *Printed name and title*

## ATTACHMENT A

The property to be searched is an Apple iPhone 15 256 GB, with IMEI: 353864163884572, assigned phone number (505) 526-3366 used by Honorio ALBA (**ALBA PHONE**). This Device is believed to be in the possession of Honorio ALBA within the District of New Mexico.

This warrant authorizes the forensic examination of this device for the purpose of identifying the electronically stored information described in Attachment B.

*KBM*

## ATTACHMENT B

*Property to be seized*

All records relating to violations of 18 U.S.C. § 1951 (Hobbs Act extortion under color of official right); 18 U.S.C. § 1952 (Travel Act interstate travel or transportation in aid of racketeering enterprises); 18 U.S.C. § 371 (conspiracy); 18 U.S.C. § 666 (bribery); 18 U.S.C. § 1343 (wire fraud); 18 U.S.C. §§ 1343, 1346 (honest services wire fraud); and 18 U.S.C. § 2 (aiding and abetting), those violations involving a scheme to obtain payments in exchange for an officer refraining from filing charges or from appearing for interviews or court settings, and involving Thomas CLEAR, Ricardo MENDEZ, Joshua MONTANO, Honorio ALBA, Harvey JOHNSON, and/or Nelson ORTIZ, since March 11, 2020, including:

    a.    Records related to driver's licenses (other than those belonging to Honorio ALBA or other persons present at the time of the search);

    b.    Records reflecting how payments were tracked for DWI offenders were targeted under this criminal scheme;

    c.    Records related to payments to Thomas CLEAR, Ricardo MENDEZ, Joshua MONTANO, Honorio ALBA, Harvey JOHNSON, Nelson ORTIZ, or other officers involved in the criminal scheme;

    d.    Records and information related to DWI offenders targeted as part of the criminal scheme;

    e.    Any and all lists or notes containing information such as names, telephone numbers, or addresses of DWI offenders targeted as part of the criminal scheme;

    f.    Telephone and address books or notes containing telephone numbers and addresses of co-conspirators;

1

*KBM*

g.    Evidence related to the purchase of goods – including vehicles, clothing, jewelry, travel, or other things of value – with criminal proceeds;

h.    Bulk cash, currency, or other financial instruments above $1,000 in value that constitute proceeds of or are intended to facilitate the scheme described above;

i.    Communication devices used by Honorio ALBA and/or co-conspirators, including but not limited to the **ALBA PHONE**;

j.    Messages, notes, correspondence, and/or communications between co-conspirators;

k.    Records, receipts, bank statements and records, money drafts, letters of credit, money orders and cashier's checks received, passbooks, bank checks, safe deposit box keys, vault keys and other items evidencing the obtaining, secreting, and/or concealment, and/or expenditures of money;

l.    Photographs or videos of Honorio ALBA, their co-conspirators, and the property and assets purchased with proceeds of the criminal scheme;

m.    Information that constitutes evidence of the identification or location of the user(s) of the device;

n.    Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

o.    Information that constitutes evidence indicating the state of mind of Thomas CLEAR, Ricardo MENDEZ, Joshua MONTANO, Honorio ALBA, Harvey

2

KBM

JOHNSON, or Nelson ORTIZ, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

p. Information that constitutes evidence concerning how and when the device was accessed or used, and by whom, to determine the geographic and chronological context of device access, use, and events relating to the crime under investigation and to the user of the device;

q. The content of communications that constitutes evidence of the criminal activity under investigation, including communications by and between Thomas CLEAR, Ricardo MENDEZ, Joshua MONTANO, Honorio ALBA, Harvey JOHNSON, Nelson ORTIZ, and any other coconspirators or accomplices;

r. Steps taken in furtherance of the criminal activity under investigation;

s. Evidence indicating in any way a motive to commit any the offenses detailed in this affidavit, or to otherwise engage in criminal activity;

t. Identification of coconspirators, accomplices, and aiders and abettors in the commission of the above offenses.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the

3

*KBM*

disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

During the execution of the search of the device described in Attachment A, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual, who was in possession of the device, to the fingerprint scanner of the device; (2) hold the device in front of the face those same individual(s) and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

4

KBM